IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RUFUS RODGERS,<br><br>　　　　Defendant.　　　　　　　　／ | No. CR 08-0716 SI<br><br>**ORDER DENYING DEFENDANTS'S MOTION TO REDUCE SENTENCE** |

Defendant Rufus Rodgers, appearing pro se, moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on amendment 750 of the United States Sentencing Guidelines, which retroactively reduces the base offense levels for crack cocaine offenses. For the reasons stated below, the Court DENIES defendant's motion.

### BACKGROUND

On June 16, 2009, defendant pled guilty without a plea agreement to a violation of 21 U.S.C. § 841(a)(1), for possession of crack cocaine with intent to distribute. Docket Nos. 108, 111. Prior to sentencing, the Probation Officer compiled a Presentence Investigation Report (PSR), including an analysis of defendant's criminal history and a recommended sentence. The PSR determined that defendant was a Career Offender under § 4B1.1,[1] giving him a Criminal History Category of VI and an Offense Level of 34. PSR ¶¶ 22, 37. At sentencing, the parties agreed with the PSR's determination that

---

[1] A defendant is a Career Offender if the defendant: "was at least eighteen years old at the time of the instant offense of conviction," "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense," and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.C. Guidelines Manual § 4B1.1.

1

defendant was a Career Offender. Docket No. 116 at 4; Docket No. 117 at 3. On October 9, 2009, the Court found that defendant was a Career Offender, granted a downward variance, and sentenced defendant to 108 months imprisonment. Docket No. 120, Judgment at 2.

On November 1, 2010, the United States Sentencing Commission promulgated Amendment 748 to the federal Sentencing Guidelines, which lowered the guideline ranges for crack cocaine offenses. On November 1, 2011, the Sentencing Commission re-promulgated Amendment 748 as Amendment 750, which made its provisions permanent. On November 1, 2011, the Sentencing Commission also published Amendment 759, which allowed Amendment 750 Parts A and C to apply retroactively.

On September 3, 2013, defendant filed the instant motion for a reduction of his sentence pursuant to § 3582(c)(2). Docket No. 122.

## DISCUSSION

Generally "courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). However, § 3582(c)(2) allows a prison term to be altered "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). The Ninth Circuit has established that "a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013) (internal quotation marks omitted).

Amendment 750 to the United States Sentencing Commission's Guideline Manual removed the sentencing disparity between cocaine and crack cocaine offenses by lowering the sentencing ranges for crack cocaine offenses, and raising the threshold amounts of crack cocaine which will trigger a mandatory minimum sentence. U.S.S.C. Guidelines Manual app. C, vol. III at 392 (2012). Amendment 750 changed the Drug Quantity Table of § 2D1.1, but provided: "not all crack cocaine offenders sentenced after November 1, 2011, will receive a lower sentence as a result of the change to the Drug Quantity Table. . . . Other offenders are sentenced pursuant to §§ 4B1.1 (Career Offender) and 4B1.4

(Armed Career Criminal), which result in sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table." *Id.* at 394.

Defendant argues that because amendment 750 to the federal Sentencing Guidelines lowers the sentencing range for crack cocaine offenses, and he was charged with a crack cocaine offense, he should have his sentence reduced. Docket No. 122, Def.'s Mot. However, because his criminal history made him a Career Offender, defendant was sentenced under the § 4B1.1 Career Offender provisions, not under the sentencing ranges in § 2D1.1 which were lowered by the Sentencing Commission. *See* Judgment at 2. Thus, amendment 750 is not applicable to defendant's sentence, and he has failed to satisfy the first prong of the § 3582(c)(2) test described in *Pleasant*. F Although though defendant was granted a variance and sentenced to 108 months, he was still sentenced based on his status as a Career Offender under § 4B1.1. The commentary of § 1B1.10 states that for purposes of § 3582(c)(2), the sentencing guidelines range under which a defendant is sentenced is "determined before consideration of any departure provision in the Guidelines Manual or any variance[]." U.S.S.C. Guidelines Manual § 1B1.10 cmt. n.1(A) (2012); *see Pleasant*, 704 F.3d at 812 (even though a defendant is granted a downward variance from Career Offender guidelines, the defendant is still sentenced based on those guidelines). Accordingly, because defendant's applicable guidelines were the Career Offender guidelines, defendant is not entitled to a sentence reduction under § 3582(c)(2).[2] *See Pleasant*, 704 F.3d at 813-14.

///

---

[2] Defendant argues that the Court erred in determining he was a Career Offender. Def.'s Mot. at 3. This argument goes beyond what is permitted under a § 3582(c)(2) motion. *See Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010) ("§ 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission. . . . Because the aspects of his sentence that [defendant] seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2) . . . ."); *United States v. Adams*, No. CR 07-386 CAS, 2012 U.S. Dist. LEXIS 57988, at *4 (C.D. Cal. Apr. 17, 2012) ("A motion brought pursuant to § 3582(c)(2), however, is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the original sentence.") (internal quotation marks omitted). Therefore, defendant may not challenge his status as a Career Offender through the present motion.

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's motion for reduction of sentence. This order resolves Docket Nos. 122 & 126.

**IT IS SO ORDERED.**

Dated: October 23, 2013

SUSAN ILLSTON
United States District Judge